Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ALEXANDRA PEDROZA DÍAZ<br><br>Peticionaria<br><br>V.<br><br>JOSÉ CARLOS HERNÁNDEZ BID<br><br>Recurrido | KLCE202401269 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2024RF01366<br><br>Sobre:<br><br>Alimentos – Menores de Edad y otros |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard, y la jueza Prats Palerm

Álvarez Esnard, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de diciembre de 2024.

Comparece ante nos la señora Alexandra Pedroza Díaz ("la señora Pedroza Díaz" o "la peticionaria") mediante una *Petición de Certiorari*. Nos solicita la revocación de la *Orden* emitida el 12 de noviembre de 2024, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro primario" o "foro *a quo*"). En virtud de la misma, el foro primario declaró *No Ha Lugar* la solicitud de sentencia sumaria presentada por la peticionaria. Consecuentemente, ordenó la celebración de la vista evidenciaria en atención a la controversia sobre el derecho a hogar seguro invocado por la parte peticionaria.

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del auto de *certiorari* solicitado.

**I.**

El 2 de agosto de 2024, la señora Pedroza Díaz instó una *Demanda* en torno a custodia, pensión alimentaria y hogar seguro

contra el señor José Carlos Hernández Dib[1] ("el señor Hernández Dib" o "el recurrido").[2] En síntesis, alegó que las partes mantuvieron una relación sentimental en la cual procrearon una hija (HVHP), quien actualmente tiene tres (3) años. Indicó que esa relación terminó el pasado mes de junio. En lo pertinente a la controversia, especificó que la menor y ella residen en la vivienda previamente adquirida por ambas partes.[3] Por lo anterior, peticionó que el foro primario decretara como hogar seguro la aludida residencia a favor de la menor, según prescribe el Artículo 477 del Código Civil (2020).[4]

Ante tales alegaciones, el 9 de septiembre de 2024, el señor Hernández Dib sometió su *Contestación a la Demanda.*[5] En esencia, relató que al momento de la separación, la demandante retuvo la propiedad mientras ésta se vendía debido a que la capacidad económica de ambas partes no alcanza a los excesivos costos de mantenimiento que dicha residencia exige. Detalló, además, que le brindó la oportunidad a la señora Pedroza Díaz de residir en un apartamento, y a su vez, le ofreció una suma de dinero para que adquiriera su propia vivienda. En vista de ello, solicitó que el foro primario no decretase como hogar seguro la residencia privativa aludida.

Así las cosas, ese mismo día, la señora Pedroza Díaz presentó una *Solicitud de Determinación de Hogar Seguro.*[6] En esta, arguyó que aunque el bien sea privativo, ello no impide que la menor tenga el derecho a permanecer en la residencia donde ha estado viviendo con su madre. Puntualizó, también, que la propiedad en

---

[1] En la presente Resolución nos referimos al señor Hernández **Dib,** debido a que en sus comparecencias, tanto en el Tribunal de Primera Instancia como ante el Tribunal de Apelaciones, se denomina así. No obstante, advertimos que existen varios epígrafes ante el foro primario donde se identifica como "Hernández **Bid**".
[2] Apéndice de la parte peticionaria, págs. 1-5
[3] Surge de las alegaciones de la *Demanda* que la residencia en cuestión se encuentra radicada en la Calle #1#119 (Granate), Urbanización Monte Azul de Guaynabo.
[4] Ley Núm. 55-2020, 31 LPRA sec. 6851.
[5] Apéndice de la parte recurrida, págs. 10-16.
[6] Apéndice de la parte recurrida, págs. 17-19.

controversia está a nombre de ambos. Por tanto, solicitó que el foro primario tomara conocimiento de lo anterior y declarara como hogar seguro de la menor la aludida residencia.

Luego de una serie de trámites procesales, que no son necesarios pormenorizar, el 23 de septiembre de 2024, la señora Pedroza Díaz y el señor Hernández Dib sometieron un *Acuerdo entre las Partes* relativo a la custodia y la pensión alimentaria de la menor.[7] Sin embargo, en lo concerniente al recurso ante nuestra consideración, ambos establecieron que quedaba pendiente el litigio sobre hogar seguro ante el tribunal. **Así expuesto, solicitaron que el foro *a quo* acogiera el acuerdo radicado y, consecuentemente, celebrara una vista evidenciaria en atención a dicha controversia**. (Énfasis nuestro).[8]

Evaluado lo anterior, el 24 de septiembre de 2024, el Tribunal de Primera Instancia emitió *Sentencia Parcial*, notificada al día siguiente, en la cual aprobó el acuerdo sometido respecto a la custodia, las relaciones filiales y la patria la potestad.[9] **Por último, dispuso que "[s]e encuentra pendiente ante la consideración del Tribunal la controversia sobre la petición de Hogar Seguro"**.[10] (Énfasis nuestro).

Continuado el pleito, el 14 de octubre de 2024, la señora Pedroza Díaz presentó una *Solicitud de Sentencia Sumaria sobre Hogar Seguro* **sin incluir documentos en apoyo a tal moción**.[11] (Énfasis nuestro). En esencia, alegó que no existe controversia sobre el hecho de que la menor ininterrumpidamente ha vivido en la residencia aludida. Adujo que, aunque la casa fue comprada con dinero de la parte apelada, ambos comparten la titularidad sobre el bien inmueble en litigio. Bajo ese razonamiento, solicitó que el

---

[7] Apéndice de la parte peticionaria, págs. 21-25.
[8] Apéndice de la parte peticionaria, pág. 24.
[9] Apéndice de la parte peticionaria, págs. 26-29.
[10] Apéndice de la parte peticionaria, pág. 29.
[11] Apéndice de la parte peticionaria, págs. 30-35.

tribunal reconociera sumariamente el derecho a permanecer en la residencia.

En respuesta a tal solicitud, el 7 de noviembre de 2024, el señor Hernández Dib sometió su *Oposición a Moción de Sentencia Sumaria* acompañada de una serie de documentos. [12] En suma, argumentó que la señora Pedroza Díaz no presentó una declaración jurada ni documentación alguna en apoyo a su solicitud de sentencia sumaria. Ante tal inobservancia, aseveró que su petición incumple con las disposiciones de la Regla 36 de Procedimiento Civil. [13] Respecto a la controversia medular, alegó que la vivienda familiar reclamada no es el único bien inmueble que puede cumplir razonablemente con el propósito del hogar seguro. Reiteró que le ofreció a la señora Pedroza Díaz un apartamento con dos (2) cuartos en el área de Guaynabo cercano a la escuela de la menor sin necesidad de pagar renta hasta junio de año 2025. En vista de lo anterior, peticionó que el tribunal denegara dicha solicitud, y en su consecuencia, ordenara la celebración de una vista plenaria.

En atención a tales argumentos, el 8 de noviembre de 2024, la señora Pedroza Díaz radicó una *Breve Réplica a Oposición* acompañada de una carta suscrita por el demandado. [14] En lo pertinente, adujo que el interés propietario del padre está en un segundo plano frente el mejor bienestar de su hija. Aseveró que en una ocasión el señor redactó una carta en la cual reconoció que le dejaba la residencia a ésta y a la menor. Por tanto, de nuevo solicitó al foro *a quo* que declarara sumariamente la propiedad en litigio como vivienda familiar protegida por la norma de hogar seguro.

---

[12] Apéndice de la parte peticionaria, págs. 45-69. En su oposición, sometió los siguientes documentos: (1) *Requerimiento de Admisiones* dirigido a la parte apelante; (2) *Contestación a Requerimiento a Admisiones*; (3) *Estipulación entre Partes*; y (3) *Petición Conjunta* presentada por la señora Pedroza Díaz y el señor Hernández Dib.
[13] 32 LPRA Ap. V, R. 36.
[14] Apéndice de la parte peticionaria, págs. 72-78.

Evaluada la solicitud a la luz de los criterios de la Regla 36 de Procedimiento Civil, el 12 de noviembre de 2024, el Tribunal de Primera Instancia emitió una *Orden* enmendada,[15] notificada al día siguiente, en la cual declaró *No Ha Lugar* la sentencia sumaria peticionada.[16] En cuanto al reclamo de hogar seguro, dispuso que "[l]a vista evidenciaria continúa pautada el 11 de diciembre de 2024".[17]

Inconforme, el 21 de noviembre de 2024, la señora Pedroza Díaz recurrió ante este Tribunal de Apelaciones mediante la presentación de una *Petición de Certiorari* y una *Moción de Orden Provisional de Auxilio de Jurisdicción*. En su escrito, esboza el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSRANCIA AL NO ATENDER LA CONTROVERSIA DE HOGAR SEGURO SEGÚN SOLICITADO EN LA SENTENCIA SUMARIA, COMO UNA DE DERECHO Y DECLARAR QUE LA MENOR TIENE DERECHO A PERMANECER EN LA PROPIEDAD Y ASÍ DECRETARLO.

Examinado el recurso, el 22 de noviembre de 2024, esta Curia emitió *Resolución* en la cual concedió a la parte recurrida hasta el 26 de noviembre de 2024 para mostrar causa por la cual no expedir el auto de *certiorari* y revocar la determinación impugnada. En la fecha decretada por este Tribunal, el señor Hernández Dib sometió un escrito intitulado *Oposición a que se Expida Auto de Certiorari*.

Eventualmente, el 4 de diciembre de 2024, este Foro Apelativo dictó *Resolución* en atención a la *Moción de Orden Provisional de Auxilio de Jurisdicción* presentada por la peticionaria. En este dictamen, declaramos *No Ha Lugar* dicha solicitud.

---

[15] Apéndice de la parte peticionaria, pág. 80.

[16] Surge de la entrada número setenta y ocho (78) del Sistema Unificado de Manejo y Administración de Casos (SUMAC) que el foro *a quo* enmendó dicho dictamen a los fines de especificar que la vista se celebraría el 11 de diciembre de 2024, y no el 2 de diciembre 2024 como previamente estableció por error en la *Orden* emitida el 8 de noviembre de 2024, notificada el 12 de noviembre de 2024. Véase, además, Apéndice de la parte peticionaria, pág. 79.

[17] Apéndice de la parte peticionaria, pág. 80.

Con el beneficio de la comparecencia de las partes, procedemos a discutir el marco legal pertinente a la controversia ante nuestra consideración.

## II.

### A. Recurso de certiorari

Es norma reiterada que, el auto *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Orthopedics Prod. of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021). *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Artículo 670 del Código de Enjuiciamiento Civil de 1933 de la Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

Ahora bien, el ejercicio de nuestra discreción judicial no es absoluto. A tales efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias que activan nuestras facultades revisoras ante las resoluciones y las órdenes interlocutorias:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al

denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

A pesar de que la Regla 52.1 de Procedimiento Civil, *supra*, permite revisar las determinaciones interlocutorias recurridas, "la expedición del auto y la adjudicación en sus méritos es discrecional". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). En consonancia con lo anterior, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, preceptúa los criterios para la expedición de un auto de *certiorari*:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estas consideraciones orientan la función del foro apelativo para ejercer sabiamente nuestra facultad discrecional. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209. A su vez, la precitada disposición reglamentaria permite que el análisis revisorio no se efectúe en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra,* pág. 176.

En atención a los preceptos discutidos, los tribunales revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724,

736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). Así pues, nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración en tal ejercicio discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 849 (2023).

Por último, es menester puntualizar que la denegatoria del auto de *certiorari* no implica la ausencia de error en el dictamen, cuya revisión se solicita, ni constituye una adjudicación en sus méritos. *Torres Martínez v. Torres Ghigliotty, supra*, pág. 99. En estos casos, la denegatoria es una facultad discrecional, que evita una intervención apelativa a destiempo con el trámite pautado por el foro de instancia. Íd. Por tanto, una vez el foro primario dicte sentencia final, la parte afectada ostentará el derecho para presentar el recurso apelativo correspondiente. Íd. págs. 98-99.

### B. Moción de sentencia sumaria al amparo de la Regla 36 de Procedimiento Civil

En nuestro esquema procesal, la sentencia sumaria es un mecanismo que permite la ágil disposición de casos sin la celebración de un juicio sujeto a la inexistencia de controversias genuinas de hechos materiales. *Birriel Colón v. Econo y otro*, 2023 TSPR 120, 213 DPR ___ (2023); *Segarra Rivera v. Int'l Shipping et al.*, 208 DPR 964, 979 (2022). Su propósito es que los pleitos civiles sean solucionados de forma justa, rápida y económica. *Acevedo Arocho v. Depto. Hacienda y otros*, 212 DPR 335, 350 (2023); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 335 (2021). Solo procede su concesión "cuando surge claramente que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para resolver la controversia." *Oriental Bank v. Caballero García*, 212 DPR 671, 679 (2023); *Mejías v. Carrasquillo*, 185 DPR 288, 299 (2012).

A esos fines, la Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R.36.1, **permite que una parte presente una solicitud de sentencia sumaria respaldada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes**. *Oriental Bank v. Perapi et al.*, 192 DPR 7, 25 (2014); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013). (Énfasis nuestro). En esa dirección, "un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Oriental Bank v. Caballero García*, *supra*, pág. 679.

A tales efectos, la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36. 3, prescribe los requisitos de forma atinentes a esta moción y su respectiva oposición. *Universal Ins. y otro v. ELA y otros*, 211 DPR 455, 472 (2023). En lo concerniente, el precitado cuerpo reglamentario fija las formalidades que debe exhibir una petición de tal naturaleza: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) **una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal**; (5) las razones por las cuales debe ser dictada la sentencia argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a). (Énfasis nuestro).

De manera similar, la parte opositora de la sentencia sumaria "tiene que cumplir con los requisitos de la Regla 36 de Procedimiento Civil". *Oriental Bank v. Caballero García, supra,* pág. 680.  No debe

adoptar "una actitud pasiva y descansar en las aseveraciones o negaciones que consigne en su alegación". Íd. Al contrario, le compete, "como parte de su carga, puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte una sentencia sumaria en su contra". *León Torres v. Rivera Lebrón*, 204 DPR 20, 44 (2020). Por tanto, enumerará los hechos materiales de buena fe controvertidos y aquellos sobre los que no media controversia. *Oriental Bank v. Caballero García, supra*, pág. 680. También, indicará los párrafos o páginas de la prueba documental que establezcan o impugnen cada hecho. Íd. Asimismo, identificará "los argumentos del derecho aplicable por los cuales no se debe dictar la sentencia". *SLG Fernández-Bernal v. RAD-MAN et al.*, *supra*, pág. 336.

Acatados tales requisitos procesales, "el tribunal debe analizar los documentos que acompañan la solicitud de sentencia sumaria y los documentos incluidos con la moción en oposición, así como los que obren en el expediente del tribunal". *Ramos Pérez v. Univisión, supra*, pág. 210; *Cruz Marcano v. Sánchez Tarazona*, 172 DPR 526, 550 (2007). En cuanto a los documentos presentados, estos deben analizarse de la forma más favorable para la parte promovida, concediéndole así el beneficio de toda inferencia razonable que se pueda derivar de ellos. *Medina v. M.S. & D. Química P.R., Inc.*, 135 DPR 716, 734 (1994); *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714, 721 (1986).

No obstante, la normativa imperante no recomienda emplear el mecanismo sumario en aquellos casos en los cuales median elementos subjetivos de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad sea esencial para dilucidar la controversia. *Segarra Rivera v. Int'l Shipping et al., supra,* pág. 980; *Soto v. Hotel Caribe Hilton*, 137 DPR 294, 301

(1994). Ahora bien, amerita su concesión "si el juzgador queda claramente convencido de que tiene ante sí, de forma no controvertida, todos los hechos materiales pertinentes y que una vista en los méritos es innecesaria". *Birriel Colón v. Econo y otro*, *supra*; *SLG Fernández-Bernal v. RAD-MAN et al.*, *supra*, pág. 337.

En *Puerto Rico v. Zorrilla Posada*, 2024 TSPR 62, 213 DPR __ (2024), el Tribunal Supremo de Puerto Rico reiteró la normativa vinculada con la solicitud de sentencia sumaria:

> **La sentencia sumaria solo procede cuando no es necesaria la celebración de un juicio por no existir duda sobre los hechos esenciales, contarse con toda la evidencia necesaria y solo restar la aplicación del derecho. Es decir, procede cuando hay una inexistencia total de controversias sustanciales de hechos esenciales y pertinentes, siendo estos aquellos que podrían afectar el resultado de la reclamación de conformidad con el derecho aplicable**. (Énfasis nuestro).

Así, pues, este mecanismo procesal aplica cuando el promovido no puede prevalecer ante los hechos materiales no controvertidos y el derecho aplicable, y el Tribunal cuenta con la verdad de todos los hechos necesarios para resolver la controversia. *Oriental Bank v. Caballero García, supra*, pág. 679.

### C. Estándar de revisión de sentencia sumaria

Los tribunales revisores nos encontramos en igual posición que el Tribunal de Primera Instancia para determinar si procede una sentencia sumaria. *Birriel Colón v. Econo y otro, supra.* En estos casos, debemos efectuar un análisis a tenor con las siguientes consideraciones:

> (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;
>
> **(2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;**
>
> (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos.

(4) y de encontrar que los hechos materiales realmente están incontrovertidos debe revisar *de novo,* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679 (2018). (Énfasis nuestro).

Destacamos que el foro apelativo solo puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. *Meléndez González v. M. Cuebas*, 193 DPR 100, 114 (2015). No obstante, carecemos de la facultad para adjudicar hechos materiales en disputa, pues esa tarea concierne al foro primario Íd., pág. 115.

### D. Derecho a permanecer en la vivienda familiar y hogar seguro

Nuestro ordenamiento jurídico reconoce el derecho a permanecer en la vivienda familiar y el reconocimiento de hogar seguro. El Artículo 477 del Código Civil (2020) de la Ley Núm. 55-2020, 31 LPRA sec. 6851, según enmendada, regula este derecho de la siguiente manera:

Cualquiera de los excónyuges o cualquiera de los hijos que quedan bajo su patria potestad, puede solicitar el derecho a permanecer en la vivienda de la Sociedad de Gananciales que constituye el hogar principal del matrimonio y de la familia antes de iniciarse el proceso de divorcio. Este derecho puede reclamarse desde que se necesita, en la petición de disolución del matrimonio, durante el proceso o luego de dictarse la sentencia. En los casos donde la vivienda familiar principal sea privativa de cualquiera de los excónyuges y exista otra vivienda perteneciente a la Sociedad de Gananciales, el Tribunal podrá establecer como vivienda familiar la propiedad perteneciente a la Sociedad de Gananciales. En los casos en que no exista una vivienda perteneciente a la Sociedad de Gananciales, el tribunal determinará como se cumplirá con el derecho a hogar seguro.

Según la interpretación jurisprudencial, este derecho no depende del interés propietario que pueda tener sobre el bien el jefe de familia, pues ese es un mecanismo para proteger a la unidad familiar y lo que ha sido el centro de la vida en común. *Candelario Vargas v. Muñiz Díaz,* 171 DPR 530, 546 (2007). Sobre este particular, la profesora Migdalia Fraticelli Torres explica que "una vez reclamado, el juzgador determinará lo que en justicia procede de acuerdo con las circunstancias particulares de cada situación". M.

Fraticelli Torres, *La protección de la vivienda familiar en la propuesta de un nuevo Código Civil para Puerto Rico*, 48 Rev. Jur U.I.P.R. 113, 116 (2014).

Cónsono con lo anterior, el Artículo 478 del Código Civil, *supra*, 31 LPRA sec. 6852, recoge una serie de criterios para evaluar la concesión de este derecho:

> (a) los acuerdos de los cónyuges sobre el uso y el destino de la vivienda durante la vigencia del matrimonio y después de su disolución;

> (b) si el cónyuge solicitante mantiene la custodia de los hijos menores de edad;

> (c) si el cónyuge solicitante retiene la patria potestad prorrogada o la tutela de los hijos mayores incapacitados o con impedimentos físicos que requieren asistencia especial y constante en el entorno familiar;

> (d) si los hijos mayores de edad, pero menores de veinticinco (25) años, permanecen en el hogar familiar mientras estudian o se preparan para un oficio;

> (e) si la vivienda familiar es el único inmueble que puede cumplir razonablemente ese propósito dentro del patrimonio conyugal, sin que se afecte significativamente el bienestar óptimo de los beneficiados al momento de su concesión con más necesidad de protección;

> (f) si el cónyuge solicitante, aunque no tenga hijos o, de tenerlos, no vivan en su compañía, necesita de esa protección especial, por su edad y situación personal; y

> (g) cualquier otro factor que sea pertinente para justificar el reclamo.

Una vez el tribunal concede el derecho a permanecer en la vivienda, el inmueble se convierte en el hogar seguro del solicitante y de los beneficiados que han de vivir en él al momento de su concesión. Artículo 479, Código Civil, *supra*, 31 LPRA sec. 6853. Ahora bien, el reconocimiento de permanecer en el hogar no es automático, pues éste se basa en los preceptos de equidad vislumbrados según las circunstancias de cada caso y debe satisfacer una necesidad legítima. *Candelario Vargas v. Muñiz Díaz*, supra, pág. 548; *Cruz Cruz v. Irizarry Tirado*, 107 DPR 655, 661 (1978). Por tanto, "[s]i hay objeción fundamentada del titular del inmueble o de alguna tercera persona con derecho real sobre el

mismo, **la solución del asunto se hará en una vista plenaria**". Artículo 481, Código Civil, *supra*, 31 LPRA 6855. (Énfasis nuestro).

## III.

En el recurso de epígrafe, la señora Pedroza Díaz señala que incidió el foro primario al denegar la solicitud de sentencia sumaria. Manifiesta que es hecho incontrovertido que la menor tiene derecho a permanecer en la propiedad objeto del litigio. En esa dirección, argumenta que la menor ha vivido ininterrumpidamente desde el año 2022 en la residencia aludida. Arguye, además, que dicha vivienda está a nombre de ambas partes. Así alegado, asevera que no existen hechos en controversia. Por lo que, solicita revocar el dictamen impugnado y dictar sentencia a su favor al expedir el auto de *certiorari* solicitado.

En oposición, el señor Hernández Dib contiende que el reconocimiento de permanecer en el hogar seguro no es automático. Por tanto, sostiene que le compete al tribunal celebrar una vista evidenciaria para que las partes presenten su respectiva prueba. En torno al litigio procesal, argumenta que la solicitud de sentencia sumaria debe estar fundamentada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes según prescribe la Regla 36.1 de Procedimiento Civil, *supra*. Sin embargo, advierte que la peticionaria no incluyó tal documentación al respecto. Por lo anterior, considera que no erró el foro *a quo*, pues no procedía adjudicar la controversia de hogar seguro mediante la vía sumaria. Por tanto, solicita que este Tribunal de Apelaciones deniegue la expedición del auto de *certiorari*.

Surge del expediente ante nuestra consideración que el foro primario evaluó la intitulada moción de sentencia sumaria a tenor con los criterios de forma establecidos en la Regla 36 de Procedimiento Civil, *supra*. En lo pertinente, emitió el siguiente

pronunciamiento: "*No Ha Lugar.* La vista evidenciaria continúa pautada para el 11 de diciembre de 2024".[18]

Ante ese contexto, **determinamos que debemos abstenernos de ejercer nuestras facultades revisoras en esta etapa interlocutoria tras examinar cuidadosamente el expediente judicial y el derecho aplicable en torno a las formalidades de solicitud de sentencias sumaria según prescribe la Regla 36 de Procedimiento Civil.**[19] (Énfasis nuestro). A pesar de que la Regla 52.1 de Procedimiento Civil, *supra,* nos concede la facultad para examinar la denegatoria de la moción de sentencia sumaria en cuestión, decidimos —amparados en nuestra discreción judicial— no intervenir en esta etapa interlocutoria.

Recordemos, pues, que nuestro ordenamiento jurídico nos habilita exclusivamente a intervenir en aquellas etapas interlocutorias en las cuales medie una actuación arbitraria o caprichosa, un ejercicio de craso abuso de discreción, o una errónea interpretación o aplicación del derecho por parte del foro primario. Sin embargo, en el recurso presente no contemplamos indicios de tales escenarios a tenor con los parámetros orientativos de la Regla 40 del Tribunal de Apelaciones, *supra.* Por tanto, denegamos la expedición el auto de *certiorari.*

Por último, advertimos que este dictamen apelativo no prejuzga los méritos del caso, ni impide que una vez se dicte sentencia final por parte del Tribunal de Primera Instancia, la parte afectada presente el correspondiente recurso apelativo. Véase *Torres Martínez v. Torres Ghigliotty, supra,* págs. 98-99.

---

[18] Apéndice de la parte peticionaria, pág. 80.

[19] Conviene repasar que, la Regla 36. 1 de Procedimiento Civil, 32 LPRA Ap. V., R. 36.1, establece que una parte podrá presentar una moción de sentencia sumaria fundamentada **"en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada"**. El cumplimiento de la precitada regla es un imperativo procesal, pues la moción que exhiba tales formalidades le aplica el resto de los procedimientos relativos a este mecanismo sumario.

**IV.**

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del auto de *certiorari*.

**Notifíquese inmediatamente.**

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones